UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0120 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| SEAN GERALD PENONCELLO, | |
| Defendant. | |

Defendant Sean Penoncello was convicted by a jury of production and possession of child pornography and sentenced to 400 months in prison.  ECF No. 99.  His appeal is currently pending.  ECF No. 102.

The Court has received a letter from Penoncello in which he requests that the Court reduce his sentence because that sentence poses a hardship to him and his family.  Because Penoncello's appeal is pending, however, the Court lacks jurisdiction to reduce his sentence.  *United States v. Webster*, 797 F.3d 531, 537 (8th Cir. 2015).  Setting that aside, the Court is without authority to reduce Penoncello's sentence on this ground.  *See* 18 U.S.C. § 3582(c) (listing limited circumstances under which a court may modify a sentence); *Dillon v. United States*, 560 U.S. 817, 824 (2010) (a judgment of conviction including a sentence of imprisonment "may not be modified by a district court except in limited circumstances").  Finally, even if the Court had the authority to reduce

Penoncello's sentence, the Court would not do so.  The Court has already considered all of the relevant facts and law, including not only Penoncello's devotion to his child (which was abundantly clear at the time of sentencing), but the fact that Penoncello has refused to take any responsibility for sexually molesting—and viewing the sexual molestation of—the children of other parents.

Penoncello also seems to complain that he did not have sufficient time to consider the government's plea offer and that his attorney failed to tell him that, if he accepted the plea offer, he might receive a shorter sentence.  Again, for the reasons already described, the Court does not presently have authority to vacate Penoncello's conviction or sentence on this basis.  Even if the Court had such authority, the Court would decline to exercise it.  Penoncello could not have accepted the government's plea offer (even if he had wanted to), because this Court would not have accepted a guilty plea from Penoncello unless he testified under oath that he committed the crime charged.  It thus does not matter how long Penoncello had to consider the government's plea offer, and it does not matter whether his attorney advised him of the advantages of accepting the plea offer.  Penoncello has always insisted (including while testifying under oath at his trial)—and he continues to insist—that he committed no crime, and thus it was simply not possible for him to accept the plea offer.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant Sean Gerald Penoncello's request for a reduction in his sentence [ECF No. 130] is DENIED.

Dated: July 19, 2016                         s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge