UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0120 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| SEAN GERALD PENONCELLO, | |
| Defendant. | |

---

A jury found defendant Sean Penoncello guilty of two counts of producing child pornography and one count of possessing child pornography. ECF No. 78. On March 10, 2016, the Court sentenced Penoncello to 400 months in prison. ECF Nos. 99, 132. This matter is before the Court on Penoncello's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1).[1] Penoncello argues that the Court should reduce his sentence by 120 months because the "U.S. Bureau of Prisons (B.O.P.) has a synthetic marijuana problem."

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are

---

[1] Penoncello moves under § 3582, but he frames his argument as an Eighth Amendment claim of deliberate indifference. If Penoncello wants to seek relief other than a § 3582 sentence reduction, he must do so through the proper procedural vehicle. *See United States v. El-X*, No. 11-CR-0109(1) (PJS/JJG), 2021 WL 1609048, at *1 (D. Minn. Apr. 26, 2021) (citations omitted) ("[A] § 3582 motion is not a proper vehicle for raising constitutional challenges to conditions of confinement.").

applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." One situation in which an extraordinary and compelling reason to reduce a sentence exists is when (1) a prison facility is affected by an "an ongoing public health emergency declared by the appropriate federal, state, or local authority," and (2) "the defendant is at increased risk of suffering severe medical complications" that cannot be "adequately mitigated in a timely manner." USSG § 1B1.13(b)(1)(D).

Here, Penoncello does not point to any evidence that any federal, state, or local authority has declared synthetic marijuana an "ongoing public health emergency" at FCI Thomson, where he is incarcerated.[2] Instead, Penoncello submits a prison bulletin that warns inmates not to distribute or use synthetic marijuana—a fact which undermines Penoncello's contention that prison officials are deliberately indifferent to the risks of the drug—and what appears to be a blog post that is over seven years old.[3] Penoncello also relates his own personal account of rampant use of synthetic marijuana

---

[2] Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Oct. 22, 2024).

[3] Charles Sigler, *The Open Secret of K2 in Prisons*, Faith Seeking Understanding (July 28, 2017), https://faith-seeking-understanding.org/2017/07/28/the-open-secret-of-k2-in-prisons/ [https://perma.cc/6EUL-LBHA].

in prison, but that account is not particularly convincing given Penoncello's extensive history of lying under oath. In short, there is no credible evidence that FCI Thomson is undergoing a public health emergency from synthetic marijuana, let alone that such an emergency has been declared by the relevant authorities.

Moreover, although Penoncello alleges he has asthma and takes certain heart rate and blood pressure medications, he offers no proof that he is at increased risk of suffering severe medical complications from other inmates' use of synthetic marijuana. But even if Penoncello were in fact suffering medical complications from his alleged exposure to synthetic marijuana, the Court does not understand how reducing his sentence to 280 months (with 172 months left to serve) would ameliorate that harm.

Finally, even if Penoncello could establish an extraordinary and compelling reason warranting his release, the Court would decline to release him in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1). Penoncello committed heinous crimes against children for which he refused to accept responsibility, instead lying repeatedly under oath during trial and then lying repeatedly under oath in post-convictions proceedings. Penoncello's continued confinement is necessary to protect the public and to deter others from producing or possessing child pornography.

For these reasons, Penoncello's motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion to reduce his sentence [ECF No. 233] is DENIED.

Dated:  October 23, 2024            s/Patrick J. Schiltz
                                                              Patrick J. Schiltz, Chief Judge
                                                              United States District Court